# UNITED STATES DISTRICT COURT

# DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| Charlene Ormsby, individually, and on behalf of all persons as entitled to recover for the wrongful death of Lawrence Ormsby, deceased,<br><br>  Plaintiff,<br><br>vs.<br><br>Auto Owners Insurance Company, a Michigan mutual insurance company,<br><br>  Defendant. | Case No.:<br><br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL** |

Plaintiff, for her Complaint against the Defendant, states and alleges as follows:

## JURISDICTION AND VENUE

## I.

This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332, because the amount in controversy exceeds $75,000.00, exclusive of interest and costs, and because there is complete diversity of citizenship between the Plaintiffs and the Defendants.

## II.

Venue in this action properly lies in the District of North Dakota because Defendant has done business in the State of North Dakota, has committed a breach of contract in whole or in part in the State of North Dakota, and has substantial and continuing contact with the State of North Dakota.

## PARTIES

### III.

Plaintiff Charlene Ormsby resides in Bismarck, North Dakota, and is the widow of Lawrence Ormsby, decedent and is an appropriate representative of all persons entitled to recover for the wrongful death of Lawrence Ormsby according to N.D.C.C. § 32-21-03.

### IV.

Defendant Auto Owners Insurance Company ("Auto Owners") is a Michigan mutual insurance company licensed to do business in the State of North Dakota, with a business address of 6101 Anacapri Blvd., Lansing, MI 48917 and an authorized agent for service in the State of North Dakota of CT Corporation, 314 East Thayer Ave., #300, Bismarck, ND 58501.

### V.

Jurisdiction is proper in Burleigh County because the Defendant does business in Burleigh County.

### GENERAL ALLEGATIONS

### VI.

On July 21, 2016, decedent Lawrence Ormsby was operating his 1993 Ford LA9000 Semi-Truck in a westbound direction on Interstate 94 near mile post 69. At said time and place a vehicle identified by a third-party witness as a Dodge Ram pulling a trailer was traveling in front of Mr. Ormsby at a rate of approximately 40 miles per hour. The trailer may have blown a tire at about the time Mr. Ormsby approached it

from behind.  because of its slow rate of speed, and possibly because of the tire blowing, Mr. Ormsby was forced to make an evasive maneuver and crashed his vehicle into the ditch sustaining injuries and eventual death.  The vehicle identified as a Dodge Ram continued on its way and was not further identified.  As a result, no insurance is available from the vehicle identified as a Dodge Ram.

## COUNT I - BREACH OF CONTRACT

### VII.

The Plaintiff incorporates by reference herein all of the above paragraphs.

### VIII.

At the time of the crash on, or about, July 21, 2016, Auto Owners had an insurance policy in place with decedent Lawrence Ormsby that provided him with uninsured motorist coverage (UM) in the amount of $1,000,000.00, combined liability, per occurrence.

### IX.

Plaintiff has incurred wrongful death damages covered by the policy in excess of $75,000 and Auto Owners has refused to pay any UM benefits to Plaintiff.

### X.

Auto Owners breached its contract with Plaintiff, as a third-party beneficiary of the decedent, by failing to pay Plaintiff insurance benefits under the UM portion of the insurance policy.

### XI.

Damages incurred by Plaintiff, and all persons entitled to recover for the wrongful death of Lawrence Ormsby under N.D.C.C. § 32-21-03, include reasonable funeral and burial

expenses, loss of earnings and earning capacity, loss of income and support, loss of society, companionship, and consortium in a total amount in excess of $75,000.

## COUNT II - BAD FAITH

### XII.

The Plaintiff incorporates by reference herein all of the above paragraphs.

### XIII.

Auto Owners breached its duty of good faith and fair dealing in numerous ways, including, but not limited to:

    a.      Unreasonably delaying payment of Plaintiff's insurance benefits;

    b.      Unreasonably denying full payment of Plaintiff's insurance benefits;

    c.      Failure to effectuate prompt, fair and equitable settlement of claims in which liability of the insurer is reasonably clear; or

    d.      Failure to act in good faith in making settlement offers and failure to negotiate in good faith with Plaintiff.

### XIV.

As a direct and proximate result of Defendant Auto Owners' faith and breach of the covenant of good faith and fair dealing, Plaintiff has been damaged in an amount in excess of $75,000.00. Further, Plaintiff has been required to retain legal counsel to prosecute this action, and is therefore entitled to reasonable attorneys' fees and costs of suite incurred in this action.

**WHEREFORE,** Plaintiff prays for judgment against Defendant in an amount in excess of $75,000.00, together with costs and disbursements incurred herein, pre- and post-judgment interest, attorney's fees, and such other and further relief as the Court shall deem appropriate.

**A JURY TRIAL IS HEREBY DEMANDED BY PLAINTIFFS.**

DATED:  April 19, 2018             **BENNEROTTE & ASSOCIATES, P.A.**

                                   By:    *s/ Vincent J. Moccio*_____
                                          Vincent J. Moccio (MN# 184640)

                                   3085 Justice Way, Suite 200
                                   Eagan, MN 55121
                                   651-842-9257
                                   vincent@ bennerotte.com

                                   *Attorneys for Plaintiffs*